1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE DISTRICT OF ARIZONA**

8

9    United States of America,                    No. CR-21-00869-001-PHX-DJH

10              Plaintiff,                          **ORDER**

11   v.

12   Fabiola Perez-Cisneros,

13              Defendant.

14

15          Defendant Fabiola Perez-Cisneros filed a *pro se* Motion for Sentence Reduction

16   Due to Extraordinary and Compelling Circumstances (Doc. 39) to which the Government

17   has Responded.  (Doc. 43).  For the reasons that follow, the Court denies the Defendant's

18   Motion.

19          **A.  Background**

20          Defendant Perez-Cisneros entered into a plea agreement with the Government

21   admitting a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii).  (Doc. 30).  Therein,

22   she acknowledged that her guilty plea "may have consequences with respect to [her]

23   immigration status."  (*Id*. at 2).  On March 14, 20022, she was sentenced to fifty-months

24   imprisonment in the federal Bureau of Prisons (BOP) followed by a five-year supervised

25   release term.  (Doc. 31).  Upon her Motion for Sentencing Reduction under 18 U.S.C. §

26   3582(c)(2), on March 5, 2024, her sentence was reduced to 46 months.  (Doc. 35).

27   Defendant Perez-Cisneros now asserts that the BOP "[revoked] 180 days of FSA time

28   credits due to discriminatory and seemingly malicious actions by the immigration

department, just days before her scheduled release." (Doc. 39 at 1). Therefore, she seeks relief from this Court.

### B. Law and Analysis

Though not clearly stated, the Court construes Defendant's Motion as seeking a modification of her sentence for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] She claims that if not for her nationality, she would have already been released. (*Id*. at 2). She further asserts that filing for habeas corpus relief under 28 U.S.C. § 2241 would be futile "under the circumstances." (*Id*.).[2]   The Government responds that she has not pursued habeas corpus relief and a compassionate release motion is not a substitute for habeas review. (Doc. 43 at 1). The Government also points out that the Defendant is subject to a Final Order of Removal, therefore, her Motion is futile. (*Id*.)(Ex.1).

    a.   Relief Under 18 U.S.C. § 3582(c)(1)(A)

Modifications of sentences, once imposed, are governed by 18 U.S.C. § 3582(c)(1)(A)(i). That statute states " [t]he court *may not* modify a term of imprisonment once it has been imposed except that – in any case –

> (A)    the court, upon motion of the Director of the Bureau of Prisons, ["BOP'] or upon motion of the defendant *after the defendant has fully exhausted all administrative right to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment  . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable . . . if it finds that (i) extraordinary and compelling reasons warrant such a reduction[.]" (emphasis added)

 18 U.S.C. § 3582(c)(1)(A)(i). Plainly, this Court may not consider a defendant's request to modify her sentence unless the Defendant has fully exhausted all administrative remedies. *United States v. Weidenhamer*, 2020 WL 1929200 at *2 (D. Ariz. Apr. 21, 2020). Defendant Perez-Cisneros claims to have requested compassionate release from the BOP, without receiving a response after 30 days. (Doc. 39 at 4). The Court will assume that she

---

[1] The Court notes Defendant may be using a boiler plate motion as reference to "Ms. Bonilla" is imbedded in her Motion. (Doc. 1 at 2).
[2] Given this assertion, the Court will not address it.

1   exhausted her remedies as a prerequisite to her Motion.[3]

2        Nonetheless, Defendant Perez-Cisneros must recognize that the Court lacks

3   authority to calculate *any* person's credit for time served.  Once sentenced, that authority

4   lies with the United States Attorney General acting through the Federal Bureau of Prisons.

5   *United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006)(citing *United States v. Wilson*,

6   503, U.S. 329, 334 (1992)("[f]ollowing *Wilson,* we have held that district courts lack

7   authority at sentencing to give credit for time served.").  In *Peters* the court explained that

8   the initial calculation of credit for time served must be made by the Attorney General acting

9   through the Bureau of Prisons.  This Court is without authority to grant the Defendant's

10  requested relief.

11       The Defendant's claim that extraordinary and compelling reasons exist to enable

12  this Court to reduce her sentence is also without merit.  U.S.S.G. § 1B1.13 provides

13  additional guidance on the type of circumstance that may warrant a sentence modification.

14  A review of the examples of extraordinary and compelling reasons easily shows that

15  Defendant Perez-Cisneros meets none of the criteria.  *See* U.S.S.G. § 1B1.13(b)(1)-(6).

16       Furthermore, her argument that the "other reasons" policy statement provides a

17  basis for sentence reduction is inapplicable since she is subject to a Final Order of Removal.

18  The Defendant acknowledges that being subject to a final order of removal disallows a

19  sentence reduction under the First Step Act. *See* 28 C.F.R. 523.44(a)(2).[4] The Defendant

20  argues that her deportable status prohibits her from the benefits of the FSA  sentence

21  reduction so her circumstances are extraordinary. As stated previously, Defendant Perez-

22  [3] Defendant seems to misapprehend *Haines v. Kerner* 404 U.S. 519 (1972) to hold that this
23  Court must soften its application of the law to her because she filed in *pro se*. (Doc. 39. At
24  3). Not so. *Haines* clarifies that *pro se* pleadings which may be unartfully plead, should be
    liberally construed. *Haines* does not state that the law should be differently applied to her
25  case because she filed in *pro se*.
    [4] That regulation describes "(a) How Time Credits may be applied. For any inmate
26  eligible to earn FSA Time Credits under this subpart who is . . .(2) Subject to a final order
27  of removal under immigration laws as defined in 8 U.S.C. § 1101(a)(17) (see 18 U.S.C.
    §3632(d)(4)(E)), the Bureau *may not* apply FSA Time Credits toward prerelease custody
28  or early transfer to supervised release. (Emphasis added).

1  Cisneros did indeed benefit from the FSA, despite her deportable status.  (Doc. 35).  The

2  statutory and regulatory scheme treats persons who are subject to a final order of removal

3  differently. And since the Defendant is now subject to such Order, the Court has no

4  discretion to avoid that regulatory and statutory scheme. Therefore, the Court denies the

5  Defendant's Motion under section 3582(c)(1)(A) accordingly.

6         **IT IS ORDERED** denying the Defendant's Motion (Doc. 39).

7         Dated this 8th day of August, 2024.

8

9

10        Honorable Diane J. Humetewa
          United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28